UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FRANCISCO MARTINEZ,

    Plaintiff,

v.                                                              Case No. 23-C-371

AVA GONZALES, et al.,

    Defendants.

## DECISION AND ORDER

Plaintiff Francisco Martinez is representing himself in this 42 U.S.C. §1983 action. On November 28, 2023, Defendants filed a motion to compel, asserting that Martinez had not responded to discovery requests they served on September 20, 2023. Defendants' counsel explains that his office mailed a letter to Martinez on October 23, 2023, explaining that if he did not respond to Defendants' discovery requests within thirty days, Defendants would file a motion to compel. Defendants assert that, as of November 28, 2023, Martinez has not responded to Defendants' requests.

The letter from Defendants' counsel to Martinez misstated that Martinez's discovery responses were due by October 20, 2023. The scheduling order requires that a responding party "serve its answers and any objections within **sixty** days after being served with the discovery requests," not thirty. Dkt. No. 49 at 1 n.2 ("The Court has extended the parties' time to respond to discovery requests from thirty days to sixty days."). Accordingly, Martinez's discovery responses were due by November 20, 2023, not by October 20, 2023. Regardless, as of the date Defendants filed their motion, Martinez's responses were late, albeit by only a week.

Martinez is proceeding on a claim that Defendants' responses to his hand injury were objectively unreasonable. Defendants are entitled to information relevant to Martinez's claims so that they may defend against those claims. For example, Defendants may seek relevant medical

records, Martinez's explanations regarding the scope and basis of his claims, and documents related to whether Martinez exhausted the available administrative remedies. Martinez may decide that he does not want Defendants to have access to that information. That is his choice to make, but the Court warns Martinez that a blanket refusal to respond to Defendants' requests will be so prejudicial to Defendants' defense that the Court will dismiss this case as a sanction for Martinez's refusal to participate in discovery. *See* Fed. R. Civ. P. 37(b)(2)(A). It may be that Martinez objects to Defendants' requests because he believes they are overbroad, seek irrelevant information, or are otherwise improper. But the Court reminds Martinez that his failure to respond will not be excused solely on the basis that he finds the requests objectionable. *See* Fed. R. Civ. P. 37(d)(2). Under the rules, Martinez must either answer the requests or explain why he objects to a particular request. The parties are encouraged to work together in good faith as they work out their differences over the scope of discovery. Parties are generally able to resolve their discovery disputes without the Court's involvement, but if they are unable to do so, they may ask the Court to get involved.

Based on the foregoing, Martinez may have until **December 22, 2023**, to respond to Defendants' discovery requests and to their motion. If, by **December 22, 2023**, Martinez responds to Defendant's motion to compel by informing the Court that he has responded to Defendants' discovery requests, the Court will deny Defendants' motion to compel as moot. If, however, Martinez does not respond to Defendants' motion, the Court will assume that he has refused to respond to Defendants' discovery requests and will dismiss this action as a sanction for his refusal to participate in discovery.

**SO ORDERED** at Green Bay, Wisconsin this 30th day of November, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge